```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X
RHONDA ENTERPRISES S.A.,                 :
                    Petitioner,          :
                                         :
            -v-                          :   08 Civ. 9563 (DLC)
                                         :
PROJECTOR S.A. and PROJECTOR ASIA PTE.   :   MEMORANDUM OPINION
LTD.,                                    :        & ORDER
                    Respondents.         :
-----------------------------------------X
```

Appearances:

For Petitioner
George M. Chalos
Chalos & Co.
123 South Street
Oyster Bay, NY 11771

DENISE COTE, District Judge:

  Petitioner Rhonda Enterprises S.A. ("Rhonda") has filed a petition for confirmation of an arbitration award, and for attorney's fees and costs. An Order of January 21, 2009 advised the parties that the petition for confirmation would be treated as a motion for summary judgment and set a briefing schedule for the motion. By that Order, respondents Projector S.A. ("Projector") and Projector Asia Pte. Ltd ("Projector Asia") were required to submit their opposition to the motion no later than February 2; respondents have not opposed the motion or otherwise appeared in this action. For the following reasons, the motion is granted.

BACKGROUND

On April 15, 1999, Rhonda, as vessel owner, and respondents, as charterers, entered into a charter party agreement for the carriage of goods from Taiwan to Singapore. Respondents breached the agreement by failing to pay demurrage and brokers' commission.

On June 4, 2008, Rhonda filed a verified complaint in a related action, 08 Civ. 5134(DLC), naming as defendants the respondents in the instant action.  Also on June 4, 2008, this Court issued an Order of Maritime Attachment and Garnishment. On June 10, 2008, $78,433.33 of Projector Asia's funds were attached at HSBC Bank.

Rhonda then filed an order to show cause for a default judgment, which was denied by this Court on July 22, 2008.  An Order of July 22, 2008 instructed Rhonda to file evidence that the dispute had been submitted to arbitration by August 22, 2008, or the attachment would be vacated.  Rhonda submitted such evidence to the Court on August 18, 2008.

Rhonda submitted its claims against respondents to the London Maritime Arbitrator's Association ("LMAA") on August 11, 2008.  On September 30, 3008, the LMAA issued an arbitration award to petitioner directing respondents to pay petitioner $50,000, plus interest at a rate of 7% per annum compounded quarterly from December 18, 2007.  The arbitrator also awarded

2

petitioner £3,000 in costs and £2,150 in arbitration costs, plus interest at a rate of 7% per annum compounded quarterly from August 21, 2008. The total current amount owing to petitioner on the arbitration award is $62,813.69.

In the instant action Rhonda has moved for confirmation of the arbitration award as to respondent Projector Asia, pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), implemented by 9 U.S.C. §§ 201-08. Rhonda also seeks attorney's fees and costs it incurred in bringing this action. Respondents have not appealed the arbitration award, and the time for taking such an appeal under English law has expired. Respondents did not file any opposition and have not appeared in this action.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no

material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006). When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Fed. R. Civ. P. 56(e); accord Sista, 445 F.3d at 169.

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). A court's review of an arbitration award is "severely

limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation.  Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"The showing required to avoid summary confirmation of an arbitration award is high," id., and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Rhonda has sufficiently supported its petition and demonstrated that there is no question of material fact. Respondents have not submitted any opposition.  Therefore, the motion to confirm the arbitration award as against Projector Asia is granted.

Rhonda also seeks attorney's fees for the confirmation proceeding.  It does not point to any statutory or contractual

authority for such legal fees, instead relying on the Court's inherent equitable powers.

> Pursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted). Here, respondents have presented no justification or reason for the failure to abide by the arbitrator's decision. Therefore, the request for attorney's fees and costs for the confirmation proceeding is granted.

CONCLUSION

For the above reasons, the petition to confirm the arbitration award as against respondent Projector Asia is granted. Petitioner shall submit a statement of costs and attorney's fees incurred by February 20, 2009. Once the final amount to which the petitioner is entitled is determined, an Order shall issue permitting the petitioner to use the attached

funds to satisfy this judgment and releasing any remainder.

SO ORDERED:

Dated:   New York, New York
         February 6, 2009

                                                  DENISE COTE
                                   United States District Judge

7